UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FCCI INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:23-cv-00691-JRS-KMB |
| | ) |
| J&L EXCAVATING I, LLC, | ) |
| JAMES S. GROSE, | ) |
| LORI GROSE, | ) |
| | ) |
| Defendants. | ) |

**Order on Motion to Set Aside Default**

This is a dispute about construction bonds.  The Clerk entered default against the three defendants (husband and wife James and Lori Grose and their company, J&L Excavating—collectively "the Groses") in August, but the Court denied on procedural grounds FCCI's subsequent motion for a default judgment.  (Order, ECF No. 19.)  The Groses appeared by counsel shortly after that Order was issued, and now move to set aside the default, (ECF No. 21), and to be given leave to answer FCCI's complaint, (ECF No. 23).

## I.    Legal Standard

Because there has been an entry of default, but no default judgment, Rule 55(c) applies, which allows the Court to set aside the entry of default "for good cause."  Fed. R. Civ. P. 55(c).  The movant must show "(1) good cause; (2) quick action to correct it; and (3) an arguably meritorious defense to the lawsuit."  *Escamilla v. United States*,

62 F.4th 367, 372 (7th Cir. 2023).[1]  "Good cause" means a good reason for judicial action, not necessarily a good reason for the movant's default.  *Id.*  Generally it is preferable to resolve an action on the merits rather than by default.  *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009).

II.     **Discussion**

There is good cause for the Court to set aside the entry of default.  James Grose was hospitalized and bedridden for several weeks when FCCI started this lawsuit. (James Grose Aff. 2, ECF No. 22-1.)  His wife also spent much of the year caring for

---

[1] The three-element test is a curious artifact.  Rule 55(c) requires only "good cause" to set aside an entry of default, but to set aside a default judgment requires compliance with Rule 60(b).  The two procedural stages—entry of default and default judgment—are different as to effect and finality, and Rule 60(b), unlike Rule 55's generic descriptor "good cause," limits the Court to specific grounds for relief.  Nonetheless Seventh Circuit cases hold that the same three-element test applies to both Rule 55(c) and Rule 60(b) motions, albeit less stringently for Rule 55(c).  *See Escamilla*, 62 F.4th 367, 372 (7th Cir. 2023) (citing *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014)); *Parker*, 772 F.3d at 505 (citing *Sun v. Board of Trustees of the University of Illinois*, 473 F.3d 799, 809–10 (7th Cir. 2007)); *Sun*, 473 F.3d at 810 (citing *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994)); *Pretzel*, 28 F.3d at 45 (citing *United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)); *Di Mucci*, 879 F.2d at 1495 (citing *Breuer Elec. Mfg. v. Toronado Sys. of Am.*, 687 F.2d 182, 185 (7th Cir. 1982)).

Tracing the proposition back to its origins the Court finds *Breur*, the fountainhead of the Seventh Circuit rule, relying on a general citation to Wright & Miller and two district court cases, which themselves rely on the treatise.  *Breuer*, 687 F.2d at 185 (citing 10 Wright & Miller, Federal Practice & Procedure § 2692 at 300 (1973 ed.); *United States v. Topeka Livestock Auction, Inc.*, 392 F. Supp. 944, 950 (N.D. Ind. 1975); *Chandler Leasing Corp. v. UCC, Inc.*, 91 F.R.D. 81, 83 (N.D. Ill. 1981).  And Wright & Miller to this day contains a paragraph announcing that the same elements should apply to motions for relief from a default entry and from a default judgment.  10A Fed. Prac. & Proc. Civ. § 2692 (4th ed.).  But it gives no independent analysis of why that should be, and the cases it cites cite Wright & Miller!

Apparently, then, the three-element test has been applied for fifty years with no independent justification for its existence.  Why should the Court's equitable power to decide "good cause" in default entry cases be referred to the Rule 60(b) default judgment standard?  Perhaps the better view is that advanced some pages above in the same treatise: "The rules evidently make a distinction between what is required to make a good case for setting aside a default and what is required to set aside a judgment. . . . To set aside a default all that need be shown is good cause."  *Id.* (quoting *Teal v. King Farms Co.*, 18 F.R.D. 447 (E.D. Pa. 1955)).

him.  (Lori Grose Aff. 2, ECF No. 22-1.)  The Court thinks that, under the circumstances, the Groses' failure to respond to service is excusable.  And because J&L Excavating appears to be a quintessential mom & pop operation, whose principals were undergoing a health crisis, the Court is also willing to excuse J&L's failure to respond.  And even if the Groses' failure to respond were categorized as neglect, it would be an unduly harsh sanction to allow FCCI to advance toward a default judgment of over $300,000.

The Groses have now retained counsel and show themselves ready and willing to defend against FCCI's claims.  Their response, whether measured from the date of service, the date of entry of default, or the date of this Court's Order that they claim was first to reach them, is timely.  This lawsuit is still well under a year old.  And the Groses have an arguably meritorious defense: in short, they claim the underlying construction work was done right.

This case ought to be heard on its merits, and it can be.  FCCI suffers no prejudice in being required to prove its claims.  And while FCCI suggests it has wasted work trying to prove up damages for its default judgment motion, that work is not wasted: it will be necessary and can be reused later, for proof of damages at summary judgment or at trial.

### III.  Conclusion

The Groses' motion to set aside the default, (ECF No. 21), is **granted.**  The Court **sets aside the entry of default** against Defendants James Grose, Lori Grose, and J&L Excavating for good cause shown.  Fed R. Civ. P. 55(c).

The Court therefore also **grants** the Groses' Motion for Leave to File an Answer. (ECF No. 23). The Groses shall answer FCCI's Complaint no later than **4:00 p.m. Friday, February 2, 2024.**

**SO ORDERED.**

Date: 1/19/2024

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Magistrate Judge Kellie M. Barr

Adam Clay
Podlaski LLP
adam@podlaskilegal.com

Krysta Kaye Gumbiner
DINSMORE & SHOHL LLP
krysta.gumbiner@dinsmore.com

Kevin Patrick Podlaski
BEERS, MALLERS, BACKS & SALIN
kevin@podlaskilegal.com

Michael J. Weber
Dinsmore
michael.weber@dinsmore.com

Alison Wright
Podlaski LLP
alison@podlaskilegal.com